1

2 **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3

4 Edmond Paul Price,                                            Case No. 2:24-cv-00789-CDS-EJY

5              Petitioner                            **Order Respondents' Granting Motion to**
                                                      **Dismiss and Motion to Strike**
6 v.

7 Jeremy Bean, et al.,

8              Respondents                                      [ECF Nos. 24, 31, 32]

9

10        Respondents move to dismiss Edmond Paul Price's first amended petition for a writ of

11 habeas corpus under 28 U.S.C. § 2254. ECF No. 24. Respondents argue that the petition is

12 untimely and that various grounds are unexhausted, not cognizable in a federal habeas proceeding,

13 insufficiently pleaded, and/or moot. Price requests leave to file a surreply (ECF No. 31), but

14 respondents move to strike the request (ECF No. 32). For reasons explained below, I grant the

15 motion to dismiss and the motion to strike.

16 **I.        Background**

17        In May 2013, a jury sitting in the state district court for Clark County, Nevada, found

18 Price guilty of conspiracy to commit kidnapping, conspiracy to commit robbery, false

19 imprisonment with a deadly weapon, burglary while in possession of a deadly weapon, robbery

20 with use of a deadly weapon, and battery with use of a deadly weapon resulting in substantial

21 bodily harm. ECF No. 22-8. The state district court sentenced Price under the large habitual

22 criminal statute to life with the possibility of parole after ten years for each count, with three

23 counts to consecutive to each other and the remaining three counts to run concurrent to those

24 counts. ECF No. 22-16. The court further ordered that the sentence was to run consecutive to

25 California Case No. F442939. ECF No. 22-16. The judgment of conviction was entered on October

26 2, 2013. *Id.*

On direct appeal, the Supreme Court of Nevada ordered a limited remand for the district court to conduct an evidentiary hearing on whether Price's "right to a speedy trial under the Interstate Agreement of Detainers was violated." ECF No. 22-36 at 2. On remand, the court held a two-day evidentiary hearing and ordered additional briefing on the issue of the alleged IAD speedy trial violation. ECF Nos. 22-41, 22-44, 22-47, 22-49. The court subsequently issued its findings of fact, conclusions of law, and order stating that the decision to set trial for May 2013 instead of February 2013 was justified. ECF No. 23-7. In October 2017, the Supreme Court of Nevada entered an order that affirmed that determination but reversed Price's conviction for burglary while in possession of a deadly weapon. ECF No. 23-26. The court affirmed the judgment of conviction in all other respects. *Id.* On November 28, 2017, the state district court entered an amended judgment of conviction dismissing the burglary count. ECF No. 23-28.

On June 21, 2018, Price filed a pro se state habeas petition. ECF No. 23-29. With the assistance of counsel, he subsequently filed a counseled supplemental petition. ECF No. 23-34. The state district court conducted an evidentiary hearing in October 2020, held oral argument in December 2020, and entered a decision denying habeas relief in March 2021. ECF Nos. 23-40, 23-44, 23-46. On appeal, the Supreme Court of Nevada entered an order on January 2, 2022, that affirmed in part, reversed in part, and remanded the case to the district court to conduct an evidentiary hearing on whether trial and appellate counsel were deficient regarding whether Price could be found guilty of only one conspiracy at trial. ECF No. 23-56. Prior to an evidentiary hearing, the parties negotiated an agreement to vacate the conspiracy to commit kidnapping count. The court entered a second amended judgment of conviction reflecting the dismissed charge on May 10, 2022. ECF No. 23-61. Price did not appeal or file any additional state petitions for post-conviction relief.

On April 24, 2024, Price initiated this proceeding by submitting his federal habeas petition to this court. ECF No. 4 at 1. With the assistance of appointed counsel, Price filed his amended federal habeas petition on August 8, 2024. ECF No. 14.

## II.    Discussion

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149–150 (2012). A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). Here, the parties do not dispute that Price's statutory period under AEDPA began on or about June 10, 2022 (the day after his thirty-day appeal period expired for his second amended judgment of conviction), and that his federal petition was not submitted to this court until on or about April 24, 2024.[1] In addition, Price makes no argument that he is entitled to statutory tolling under § 2244(d)(2) during that period. So, unless the limitations period should be equitably tolled, Price's original and amended petition are untimely.

### B.    Equitable Tolling

Price argues that he is entitled to equitable tolling of the statute of limitations. ECF No. 4 at 19–20, ECF No. 25 at 6–8. A petitioner may be entitled to equitable tolling of the AEDPA limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting prior authority). An "external force"—not mere oversight, miscalculation, or negligence—must have caused the untimeliness. *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quotation omitted). In addition, a causal relationship must exist between

---

[1] Respondents identify June 10, 2022, as the beginning of the statutory period in their motion to dismiss (ECF No. 24 at 9) but cite July 10, 2022, as the beginning date in their reply (ECF No. 29 at 4). As noted above, the second amended conviction was entered on May 10, 2022, so the date cited in the reply is incorrect.

the extraordinary circumstance and the late filing. *E.g.*, *Bryant v. Arizonia Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Ninth Circuit has held that a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis*, 953 F.3d 598–599 (9th Cir. 2020).

As grounds for equitable tolling, Price contends that prison officials at High Desert State Prison (HDSP) and Lovelock Correctional Center (LCC) interfered with his ability to both send and receive legal mail.[2] To support this argument, he provides orders entered in his civil rights case in the Eastern District of California addressing that court's inability to successfully mail notices to him in July 2022, January 2023, and March 2023. *See* ECF No. 4 at 26-32 (orders from Price's E.D. Cal. Case No. 1:20-cv-00131-JLT-EPG). I also take judicial notice of the record in Case No. 2:20-cv-00894-CDS-DJA, Price's civil rights case currently pending before me.[3] In June 2022, I dismissed that case without prejudice after Price failed to file an opposition to defendant's motions, including a motion to dismiss. *See* 2:20-cv-00894-CDS-DJA, ECF No. 31. Almost two years later, in March 2024, Price filed a request to reopen the case claiming that prison officials had interfered with his efforts to file documents and communicate with the court. *Id.*, ECF No. 35. I denied that motion and cited several reasons for doing so, including the "lack of explanation for Price's failure to ask (or even attempt to) ask the court for more time to file an opposition to the dismissal motion." *Id.*, ECF No. 36 at 2.

---

[2] When his conviction became final in June 2022, Price was incarcerated HDSP, where he remained until late April 2023, when he was transferred to LCC. *See* ECF No. 28-14. He remained at LCC until mid-March 2024, when he was transferred back to HDSP. *Id.* He was housed at HDSP when he initiated this proceeding the following month. *Id.*

[3] The court may take judicial notice of records in other cases. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

1    Price promptly filed another request to reopen and presented additional evidence that

2  included a copy of an enveloped marked "Do Not Post," that he claims contained documents he

3  attempted to file with the court in July 2022, and an inmate grievance to prison officials in February

4  2024 regarding his difficulties filing documents while housed at LCC. *Id.*, ECF No. 37. I granted the

5  motion "[i]n the interest of justice and out of an abundance of caution," but I made "no findings

6  regarding Price's allegations that the prison made his ability to litigate his cases difficult." ECF No.

7  38 at 4.

8    In addition to the foregoing, Price has also provided inmate request forms submitted to

9  prison officials at both facilities indicating that his requests for legal materials were being ignored

10  or denied, that prison officials were not providing him with the financial certificate necessary for

11  him to file an application to proceed *in forma pauperis*, and that, in July 2022, the prison law library

12  failed to electronically file his response to motions in 2:20-cv-00894-CDS-DJA. ECF No. 4 at 33–38,

13  ECF No. 31 at 21–22. Based on the evidence Price has provided in this case and in Case No. 2:20-cv-

14  00894-CDS-DJA, I find that he has established that between June 2022, when his conviction

15  became final in and April 2024, when he initiated this proceeding, prison officials HDSP and LCC

16  interfered with his ability to receive and send legal mail and to electronically file documents with

17  this court.[4]

18    "'Extraordinary circumstances' exist when officials' wrongful conduct prevents a prisoner

19  from filing." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). A finding that prison officials

20  acted wrongfully by obstructing Price's litigation of his civil rights cases supports his claim for

21  equitable tolling in this case, but it is not dispositive. In deciding whether to allow equitable

22  tolling, I must focus on Price's efforts to file a timely federal habeas petition. That is, I must be

23  convinced that Price was diligent in attempting to file his federal petition and prison officials stood

24

25  _____

26  [4] Under this court's Fifth Amended General Order 2012-01, "[a]ll prisoner filings in all federal cases before
this Court, including civil rights and habeas corpus cases, must be filed electronically at those facilities
which have implemented electronic filings." https://www.nvd.uscourts.gov/wp-
content/uploads/2020/09/Fifth-Amended-General-Order-2012-01.pdf.

1  in the way and prevented timely filing. *See Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002)

2  (observing that equitable tolling determinations "turn [ ] on an examination of detailed facts").

3     Price claims that he tried to electronically file his federal habeas petition on "several

4  occasions" and also tried to mail it twice. ECF No. 4 at 19. He alleges that the first time he tried to

5  mail the petition it "simply vanished with no explanation" and that the second time he received an

6  empty envelope back with a sticky note saying the petition had to be electronically filed. *Id.*

7  Notably absent from Price's allegations and proffered evidence is any indication as to *when* he made

8  these filing attempts.

9     The earliest mention of a petition for writ of habeas corpus in the exhibits Price has

10  submitted is in an inmate request form dated August 22, 2023, more than two months after the

11  statutory period had elapsed. *Id.* at 34. With that form, Price asked that his attached financial

12  certificate be processed, noting that he was trying to get his habeas petition filed but it seemed like

13  more than half of his library requests were being ignored. *Id.* The request form suggests that Price

14  had made earlier requests for a financial certificate, but I have no evidence that he made such a

15  request prior to the June 10, 2023, deadline. And, even if he had, requests to obtain a financial

16  certificate do speak to whether he was submitting (or had yet to submit) a completed habeas

17  petition to prison officials for electronic filing or mailing.

18     In *Miles*, the Ninth Circuit held that Miles, a habeas petitioner, was entitled to equitable

19  tolling due to delay caused by prison officials. 187 F.3d at 1107. In that case, Miles had learned of

20  AEDPA's then newly enacted statute of limitations 22 days before his one-year limitations period

21  was due to expire but nonetheless submitted to prison officials, 17 days later, a completed habeas

22  petition with instructions to mail the petition to the district court and to enclose a check drawn

23  from his prison trust account for the requisite $5.00 filing fee. *Id.* at 1105. Rather than follow Miles's

24  instructions, the prison officials issued Price a check for the filing fee and returned his petition to

25  him after the one-year period had expired. *Id.* at 1105–1106. Miles then promptly resubmitted his

26  petition and filing fee to prison officials for mailing. *Id.* at 1106.

I recognize that the level of diligence demonstrated by Miles is not necessarily the benchmark for deciding whether equitable tolling is appropriate. *See Smith*, 953 F.3d at 599 ("[T]he rule remains that the diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations and internal quotation marks omitted)). Even so, I am not persuaded, based on the evidence presented, that Price was confronted by extraordinary circumstances that could not have been overcome with reasonable diligence. *See id.* ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy.").

To begin with, there is no evidence before me indicating that Price submitted a completed habeas petition to prison officials for filing any time prior to the expiration of the statutory period. As for the financial certificate, it is true that a petitioner unable to pay the $5.00 filing fee must apply to proceed *in forma pauperis* and attach a financial certificate signed by an authorized prison official to his application. *See* District of Nevada Local Rule LSR 1-2. But even if Price lacked the funds to pay the filing fee during the statutory period, the Clerk's Office of this court will receive and enter habeas petitions without the filing fee and without the required certification from the prison trust account office. If it appears the petitioner's one-year deadline is approaching, the court will consider the petition timely under the mailbox rule and provide petitioner with additional time to perfect his filing. I also note that, when Price went beyond merely submitting inmate request forms and filed the informal grievance in February 2024, the grievance was resolved a few weeks later, and Price's habeas petition was electronically filed shortly thereafter.[5] *See* ECF No. 31 at 23–25. In sum, Price has not demonstrated that his untimeliness in filing his federal petition was caused by an external impediment that could not be overcome with reasonable diligence. Because

---

[5] Obviously, I do not condone the conduct of prison officials to the extent that they may have obstructed Price's efforts to obtain a financial certificate or file documents with the court. That said, the evidence before me indicates that Price waited until very near or after the one-year deadline to take the necessary steps to file his habeas petition and, in the eight months that followed the deadline, did little more than submit inmate request forms in August 2023 and December 2023. *See* ECF No. 4 at 33–35 (Exhibit C to Price's initial federal petition).

he has not met the very high threshold required for equitable tolling, his petition will be dismissed as untimely.[6]

### C. Exhaustion

Respondents argue that Grounds 1, 2, 3, 6, and 8 in Price's petition are unexhausted. ECF No. 24 at 9–11. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal law implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Respondents argue that Grounds 1, 2, 3, 6, and 8 are unexhausted because, although he presented the factual allegations supporting these grounds to the Nevada courts, Price presented the grounds only as state law violations. ECF No. 24 at 11.

---

[6] While I am dismissing Price's petition as untimely, I nonetheless address respondents' alternative arguments.

Grounds 1, 2, 3, and 6 are premised on alleged violations of the Interstate Agreement on Detainers (IAD). ECF No. 14 at 5–23, 33–38. The U.S. Supreme Court has recognized that "the IAD is a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111 (2000). The Court has also held that habeas review is available to "check violations of federal laws" like the IAD, albeit only "when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citations omitted). Thus, respondents' argument that Price was relying only on state law in challenging alleged IAD violations in state court is without merit. *See Schaaf v. Lewis*, 59 F.3d 176 (9th Cir. 1995) (concluding that a claim alleging that "the trial court violated the Interstate Agreement on Detainers ("IAD") by excluding from the statutory time calculations the days between the withdrawal and substitution of Schaaf's counsel" was an "exhausted claim cognizable by us"). Thus Grounds 1, 2, 3, 6 are exhausted.

Ground 8 is a claim that the trial court erred by denying Price's request for a new jury panel. ECF No. 14 at 45–46. Respondents are correct that Price cited only to state law in arguing this claim in the Nevada appellate courts. ECF No. 22-28 at 57–58. In fact, Price does not allege a federal constitutional violation in his federal petition either. Thus, as discussed below, Ground 8 is not as a cognizable federal habeas claim. Accordingly, the question whether the claim is exhausted is moot.

### D.  Cognizability

Respondents argue that Grounds 1, 2, 3, 6, and 8 are not cognizable as federal habeas claims because they allege only violations of state law. ECF No. 24 at 13. Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). It is available only for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

As noted above, respondents are incorrect in claiming alleged violations of the IAD are solely a matter of state law. In their reply in support of their motion to dismiss, respondents argue that, even if Price's alleged IAD violations (i.e., Grounds 1, 2, 3, and 6) are recognized as federal claims, his right to a speedy trial claim in Ground 6 is not cognizable because he fails to allege that he suffered any prejudice due to the delay in bringing him to trial. ECF No. 29 at 10.

Respondents rely on a holding in *Reed* to make this argument. *Id*. In addition to the holding cited above, the Court in *Reed* also held that "a state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set and suffered no prejudice attributable to the delayed commencement." 512 U.S. at 342. I interpret this holding to mean that there must *both* a failure to object *and* a lack of prejudice due to delay for the IAD violation to not be cognizable under § 2254. Here, Price objected to the trial date by filing to a motion to dismiss in the trial court based on the court's alleged failure to bring him to trial within the time period prescribed by the IAD. ECF No. 20-21. Thus, Ground 6 is a cognizable federal habeas claim under *Reed*, along with Grounds 1, 2, and 3.

With respect to Ground 8, on the other hand, respondents are correct that Price fails to allege a constitutional or federal law violation arising from the trial court's denial of Price's request for a new jury panel. Price cites only to *Maestas v. State*, 275 P.3d 74 (Nev. 2012), and only for the proposition that the denial of motions to impanel a new jury are reviewed for abuse of discretion. ECF No. 14 at 45-46. Without any allegation that the trial court's alleged error violated federal law, Ground 8 is not cognizable in this federal habeas proceeding.

E.  **Pleading standard**

Respondents argue that Grounds 5 must be dismissed because it fails to meet the pleading standard for a federal habeas claim. ECF No. 24 at 13-14. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (citing Advisory

1  Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). Under Habeas Rule 2(c), a

2  petition must "specify all the grounds for relief available to the petitioner [and] state the facts

3  supporting each ground," and "the petition is expected to state facts that point to a real possibility

4  of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "Conclusory allegations which are

5  not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20,

6  29 (9th Cir. 1994); *see also Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970) (holding that conclusory

7  allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state

8  to answer an order to show cause). A district court need not "review the entire state court record of

9  habeas corpus petitioners to ascertain whether facts exist which support relief." *Adams v.*

10 *Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990). Instead, to comply Rule 2(c), petitioner must state

11 facts consisting of "sufficient detail to enable the court to determine, from the face of the petition

12 alone, whether the petition merits further habeas corpus review." *Id.* at 334.

13      In Ground 5, Price alleges that the State committed a *Brady*[7] violation by refusing to

14 disclose the substance of Edelman's oral proffer.[8] ECF No. 14 at 31-32. As factual support, Price

15 claims that he "requested Edelman's proffer *ad nauseum.*" *Id.* at 31. He further alleges that the State

16 conceded the materiality of the evidence by taking "the position that if it was compelled to disclose

17 Edelman's proffer, Price would have been acquitted at trial." *Id.* Ground 5 is otherwise devoid of

18 specific facts supporting Price's *Brady* claim. And, though represented by counsel, Price did not

19 attach any exhibits to his federal petition or attempt to incorporate any his state court pleadings or

20 briefs. *Cf. Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (habeas petition adequate where it "made clear and

21 repeated references to an appended supporting brief, which presented Dye's federal claim with

22 more than sufficient particularity"). Price also did not provide any clarifying facts in responding to

23 the respondents' motion to dismiss. ECF No. 25. Thus, Ground 5 fails to state a claim upon which

24 habeas relief can be granted.

25 _____

26 [7] *Brady v. Maryland*, 373 U.S. 83 (1963).

[8] Victoria Edelman was Price's associate in the criminal activity giving rise to his judgment of conviction. *See* ECF No. 22-36 at 2–3 (the Supreme Court of Nevada's order of limited remand on direct appeal, entered May 10, 2016).

### F. Mootness

Finally, respondents argue that Ground 7(D) is moot. In Ground 7(D), Price claims that he received ineffective assistance of counsel because counsel failed to argue that he could only be found guilty of one conspiracy at trial. ECF No. 14 at 42–43. Respondents point out that the state district court has already vacated the second conspiracy charge. ECF No. 23-61. With Price making no argument that further relief is available under Ground 7(D), the claim is moot.

### III.    Other pending motions

A week after the respondents filed their reply in support of their motion to dismiss, Price filed, pro se, a motion for leave to file a surreply, along with his proposed surreply. ECF No. 31. Respondents thereafter filed a motion to strike the motion as a fugitive document because Price is represented by counsel in this case. ECF No. 32.

Local Rule IA 11-6 provides that "once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court" and "all filings must thereafter be made by the attorney." Typically, the court will accept and consider pro se motions regarding representation, including requests to discharge counsel or for new counsel. Otherwise, accepting documents from pro se litigants that bear on the substantive facts and issues before the court runs the risk of undermining counsel's representation and is often not in the pro se litigant's best interest. And, in most cases, it delays proceedings and disrupts the court's orderly adjudication of a case. Thus, I will grant the motion to strike.[9]

### VI.    Certificate of Appealability

Because this is a final order adverse to the petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires me to issue or deny a certificate of appealability (COA). Accordingly, I have *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002).

---

[9] Further, having reviewed the exhibits submitted with the Price's proposed surreply, I see nothing that would compel me to alter the outcome of my timeliness analysis.

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

The COA standard is not high. Price must only "'sho[w] that reasonable jurists could debate'" the district court's resolution or that the issues are "'adequate to deserve encouragement to proceed further.'" *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (citations omitted). Having reviewed my determinations and rulings in adjudicating Price's petition, I conclude that the *Slack* standard is met with respect to my ruling that Price is not entitled to equitable tolling that would render his petition timely. I decline to issue a certificate of appealability for my resolution of any other procedural or substantive issues.

V.    **Conclusion**

IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 24] is granted**. Price's first amended petition for writ of habeas corpus is dismissed with prejudice as untimely.

IT IS FURTHER ORDERED that a certificate of appealability is granted as to my resolution of the following issue: Whether Price is entitled to equitable tolling that would render his petition timely. A certificate of appealability is otherwise denied.

IT IS FURTHER ORDERED that respondents' motion to strike **[ECF No. 32] is granted**, therefore Price's motion for leave to file a surreply **[ECF No. 31] is stricken** but the Clerk of Court is directed to leave the image of the document on the court's docket.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

Dated: July 3, 2025

_____
Cristina D. Silva
United States District Judge